OPINION OF THE COURT
Herbert Shapiro, J.
On this motion to confirm an arbitration award, the question has arisen as to whether a restraint pursuant to CPLR *811 5229 provided for in the order to show cause shall be continued. The merits of the motion to confirm are not now to be determined. The attorney for the respondent has demonstrated a need for an adjournment and the motion to confirm is adjourned to October 12, 1979.
In this proceeding, two arbitration awards were entered on July 11, 1979 in petitioner’s favor and against the respondent in the approximate amount of $60,000. The instant application to confirm was brought on by order to show cause dated September 26, 1979. In that order was a provision "that pending the hearing of this motion * * * respondent * * * is hereby restrained pursuant to CPLR § 5229”. Based upon such provision restraining notices were sent to banks in which respondent had moneys on deposit and the accounts were thereby no longer subject to withdrawals.
Respondent argues that the restraint imposed pursuant to CPLR 5229 was without authority and must be vacated. On the other hand petitioner urges that the section authorizes the imposition of such a restraint by this court at its discretion, and that the circumstances are such as to dictate that such discretionary power be employed in this case.
CPLR 5229 provides as follows: "In any court, before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment”.
The principal issue to be determined, simply stated, is whether CPLR 5229 applies where the "verdict or decision” is one made by arbitrators rather than by a Judge or jury.
Research by the parties and the court fails to disclose any precedent and it appears that the issue presented is one of first impression.
It is the conclusion of the court that CPLR 5229 is unavailable to the petitioner in this case.
A reading of the section reveals that it offers to a successful party a rather unusual remedy — the right to invoke some of the postjudgment enforcement proceedings in advance of the entry of judgment. A statute offering such an unusual remedy should be strictly construed (Conway v State of New York, 47 Mise 2d 48). Given such a reading, it is clear to the court that its provisions are unavailable to this petitioner.
*812 The statute provides that the order to be entered is to be made by "the trial judge”. In the court’s view that language means just what it says — not any Judge but only "the trial judge”. Such a restricted designation of that power is logical and warranted.
The apparent rationale for the adoption of the section was that the entry of a judgment following a verdict or decision was a matter of course, delayed merely by the necessity to submit pro forma papers for signature by the court. In addition, by limiting the power of granting this relief to the Trial Judge in his discretion, it assumed that it would not be given in circumstances where the decision or verdict might not proceed in the normal course of events to judgment. For example, if a Trial Judge reserved decision on a posttrial motion to set aside the verdict, or where he believed there might be merit to an application to contest his decision, he would be in a position to make an enlightened judgment as to whether or not CPLR 5229 relief should be granted.
Looking to the instant circumstances, it is apparent that this court — totally removed from the underlying arbitration proceeding — is in no way in an analogous position to the Trial Judge hereinabove described. This court, unlike a Trial Judge, is not now aware of what took place in the arbitration proceeding. This court is not in a position to state that in the normal course of events the motion to confirm will be granted and that judgment thereon will be entered. In addition, it is also to be noted that, unlike the situation after trial, there are two steps involved in an arbitration proceeding before the entry of judgment, an order of confirmation being needed before judgment.
Petitioner has also argued that the section has been given a liberal interpretation in that it has been held available in situations where summary judgment has been granted as well as after trial. That argument is to no avail. In such situations, the grant of summary judgment is, to all intents and purposes, analogous to a trial and involves a Judge who has the same intimacy with the matter as does a Judge presiding at a trial.
In any event, even were the court to determine that CPLR 5229 is available after an arbitration award, the relief afforded therein would not be granted. The section gives the court discretion in determining whether or not to grant the relief. The principal reason for granting such relief is the *813 likelihood that without it the subsequently entered judgment may be made uncollectible. No showing has been made here that the respondent is in financial distress or is about to dissipate its assets. Respondent argues that there is such a showing in that respondent failed to perform on the underlying contract and failed to appear at the arbitration proceeding. Such facts, in and of themselves and without more, are deemed insufficient to make the requisite showing.
Accordingly, the restraint imposed in the temporary restraining order and the notices served thereunder are vacated.